# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| BIO INNOVATIONS, LP | § § § | |
| Plaintiff, | § § | Civil Action No. ___ |
| v. | § § | |
| VERIDANCE PHARMACAL, LLC | § § | COMPLAINT |
| Defendant | § § § § § | JURY TRIAL DEMANDED |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND BREACH OF CONTRACT

Plaintiff previously sued Defendant on December 20, 2022, in the Western District of Arkansas, based on Defendant's use of Plaintiff's trademark, among other causes of action. The parties settled on January 29, 2024. The settlement agreement was "executed in the State of Texas" with Texas selected as the governing law. The Arkansas court dismissed the case on February 1, 2024, based on the settlement agreement.

Now, less than two years later, it is apparent that Defendant is still infringing Plaintiff's trademark in breach of the settlement agreement. Accordingly, Plaintiff brings this action for trademark infringement, breach of contract, and related causes of action.

## **Table of Contents**

I.      Parties ................................................................................................. 3

II.     Jurisdiction and Venue...................................................................... 3

III.    Facts .................................................................................................... 4

IV.     Causes of Action................................................................................ 9

    A.   Trademark & Trade Name Infringement – 15 U.S.C. § 1125(a) and common law ............................................................................................. 9

    B.   False Designation of Origin – 15 U.S.C. § 1125(a) .......................... 11

    C.   Cybersquatting – 15 U.S.C. § 1125(d)................................................ 13

    D.   Unfair Competition – 15 U.S.C. § 1125(a) and common law............ 15

    E.   Breach of Contract ......................................................................... 16

    F.   Unjust Enrichment ........................................................................ 17

V.      Prayer for Relief............................................................................. 18

VI.     Jury Demand .................................................................................. 20

## I.    Parties

1.    Plaintiff is a limited partnership that is organized and existing under the laws of the state of Texas, with its principal place of business in Royse City, Texas. Plaintiff is a citizen of the state of Texas.

2.    Defendant is a limited liability company that is organized and existing under the laws of the state of Arkansas. Defendant has a principal business address at 11822 Little Elm, Farmington, Arkansas, and can be served with process through its registered agent at 17122 Primrose Ln, Fayetteville, Arkansas.

## II.    Jurisdiction and Venue

3.    This action arises under the Trademark Laws of the United States, 15 U.S.C. § 1051 et seq.  The Court therefore has subject-matter jurisdiction over the claims raised in this action under 28 U.S.C. § 1331 and § 1338(a).  This Court has jurisdiction over claims arising under state law pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1338 such that they form part of the same case or controversy under Article III of the United States Constitution.

4.    This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself to the laws of Texas. Defendant agreed, in the settlement agreement with Plaintiff, that "This Agreement has been executed in the State of Texas and shall be deemed to have been drafted in accordance with the statutes and laws of the State of Texas." By setting the Governing Law as the laws of Texas, and by executing the agreement in Texas, Defendant took advantage of

**COMPLAINT**                              Page 3

the benefits and protections of Texas's laws, and could reasonably expect to be hailed into court in Texas for violations of that agreement.

5.    Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because the Defendants are subject to personal jurisdiction in this District and the settlement agreement that forms the basis of this breach-of-contract claim was executed in this District.

### III.    Facts

6.    Plaintiff owns the trademark and trade name BIO INNOVATIONS.

7.    Plaintiff is an independent online retailer and provider of supplements and health products, and has been in operation for over 24 years. Plaintiff sells its products through the URL bioinnovations.net, and sells its products under the BIO INNOVATIONS mark and trade name.

8.    Defendant named its company Bio Innovations Pharmacal and sold its products—for a period of time—through the URL bioinnovationspharmacal.com.

9.    Plaintiff and Defendant are both in the space of selling health products. The name "Bio Innovations Pharmacal" is confusingly similar to Plaintiff's trademark and trade name.

10.    Plaintiff sued Defendant in Arkansas federal court on December 20, 2022, for trademark infringement, and related causes of action (trade name infringement, false designation of origin, federal cybersquatting, unfair competition, and unjust enrichment). At the time, Defendant's name was Bio Innovations Pharmacal, LLC.

11.     On January 29, 2024, Plaintiff and Defendant signed a Settlement Agreement (Ex. A) to resolve the Arkansas litigation. In the Settlement Agreement, Plaintiff agreed—among other things—to dismiss all claims against Defendant, and to release Defendant from all claims. In exchange, Defendant agreed—among other things—to (1) cease using "Bio Innovations Pharmacal" within 10 days of signing the Agreement, with the exception of a six-week sell-down period; (2) destroy promotional materials prior to the end of that period; (3) never again use the terms "Bio Innovations," "BioInnovations," or "Bio-Innovations" with respect to search-engine optimization; and (4) change its name with the Arkansas secretary of state, its vendors, and its service providers, within 10 days of signing the Agreement.

12.     As of the filing of this Complaint, Defendant's products still bear the name "Bio Innovations Pharmacal." For example, Defendant products bearing the name "Bio Innovations Pharmacal" are sold online on amazon.com, gosupps.com, and spectrumsupplements.com.

13.     On information and belief, Defendant still uses the name "Bio Innovations Pharmacal" to sell its products.

14.     This Complaint is filed in December 2025—over 22 months after the parties signed the Agreement and over 20 months after the end of the agreed upon six-week sell-down period.

15.     These are pictures of Defendant's products using the "Bio-Innovations Pharmacal" brand name on amazon.com (https://www.amazon.com/s?k=BioInnovations+Pharmacal&ref=bl_dp_s_web_0;

https://www.amazon.com/Bio-Innovations-Pharmacal-Complete-Bitartrate-Metabolism/dp/B0982Z7F8B):





16.    These are pictures of Defendant's products using the "Bio-Innovations Pharmacal" brand name on spectrumsupplements.com (https://www.spectrumsupplements.com/bio-innovations-pharmacal/):





17.     This is a picture of Defendant's products using the "Bio-Innovations Pharmacal" brand name on gosupps.com (https://www.gosupps.com/brands/bio-innovations-pharmacal.html):



## IV.    Causes of Action

### A.    Trademark & Trade Name Infringement – 15 U.S.C. § 1125(a) and common law

18.     Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint.

19.     Defendant's conduct constitutes trademark and trade name infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a) and common law.

20.     Plaintiff began using the trademark and trade name BIO INNOVATIONS in interstate commerce in 1999. In 2000, Plaintiff began marketing

and selling its products on its website, with the BIO INNOVATIONS Mark displayed thereon with an association with its products, throughout the United States and North America, and has used such BIO INNOVATIONS Mark in interstate commerce for more than 22 years.

21.    Starting in 2020, Defendant used the name "BIO INNOVATIONS PHARMACAL" and "Bio-Innovations" on its interactive internet website, including in its registered domain name that it uses in commerce, on the labels of its competing products, and in other advertising, including social media, in connection with the promoting, advertising, selling, and offering for sale competing dietary supplements in interstate commerce.

22.    On information and belief, Defendant still offers products for sale bearing the term "bio innovations" at least through amazon.com, gosupps.com, and spectrumsupplements.com.

23.    Defendant's infringing activities, including the use of an identical or substantially similar mark and name with the emphasis on "BIO INNOVATIONS" and "Bio-Innovations" are likely to cause, and actually are causing, confusion, mistake, and deception among e-commerce customers as to the origin, source, or sponsorship of Defendant's competing dietary supplement products.

24.    Defendant's use of the BIO INNOVATIONS mark and name is without Plaintiff's permission or authority.

25.    On information and belief, Defendant's actions have been willful, with full knowledge of Plaintiff's senior use and rights to the BIO INNOVATIONS Mark,

and with an intent to profit from Plaintiff's substantial marketing and advertising investment making this an "exceptional case" under 15 U.S.C. § 1117.

26.     Plaintiff has no adequate remedy at law for the existing and continuing infringement, and if not enjoined, Defendant's continued use of the BIO INNOVATIONS mark and name in Defendant's labels of its competing products will cause irreparable damage for which legal damages will not fully compensate the harm to Plaintiff. Accordingly, Plaintiff is entitled to, and hereby seeks, injunctive relief to prohibit Defendant from further unlawful infringement of Plaintiff's BIO INNOVTIONS mark.

27.     Defendant's conduct will continue unless enjoined by this Court.

28.     In addition to injunctive relief, Plaintiff is entitled to damages in an amount to be proved at trial, including enhanced damages as allowed by law, as well as recovery of all reasonable attorneys' fees and costs allowed by law incurred in connection with this action.

29.     Plaintiff is further entitled to recover from Defendant, and hereby seeks, the gains, profits, and advantages that Defendant has obtained since it began using the BIO INNOVATIONS mark and name to market and sell its competing dietary supplement products.

**B.     False Designation of Origin – 15 U.S.C. § 1125(a)**

30.     Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint.

31.    Plaintiff uses the distinctive BIO INNOVATIONS trademark and trade name in connection with retail sales, and has done so for more than 22 years. Plaintiff's use of the BIO INNOVATIONS trademark and trade name in commerce predates its use by Defendant.

32.    Defendant used the BIO INNOVATIONS mark in commerce in connection with sales, offers for sale, distributions, and advertising of its competing products.

33.    Defendant's use of the BIO INNOVATIONS mark and name is without Plaintiff's permission or authority.

34.    Defendant's actions constitute false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) in that they are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and/or as to the origin, sponsorship, or approval by Plaintiff of the products of Defendant.

35.    On information and belief, Defendant's actions alleged herein have been willful, with the intention of causing mistake, confusion or deception, and this is an exceptional case entitling Plaintiff to recover reasonable attorneys' fees under 15 U.S.C. § 1117.

36.    Plaintiff has no adequate remedy at law for the existing and continuing false designation of origin, and if not enjoined, Defendant's continued use of the BIO INNOVATIONS trademark, including on its infringing domain name, and on labels of its products, will cause irreparable injury for which legal

**COMPLAINT**                    Page 12

damages will not fully compensate the harm to Plaintiff. Accordingly, Plaintiff is entitled to, and hereby seeks, injunctive relief to prevent and prohibit Defendant from further engaging in such unlawful conduct.

37.    Plaintiff is further entitled to damages in an amount to be proved at trial, including enhanced damages as allowed by law, as well as recovery of all reasonable attorneys' fees and costs allowed by law incurred in connection with this action. Plaintiff is further entitled to recover from Defendant, and hereby seeks, the gains, profits, and advantages that Defendant has obtained as a result of Defendant's wrongful conduct alleged herein.

## C.    Cybersquatting – 15 U.S.C. § 1125(d)

38.    Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint.

39.    Defendant registered a domain name of www.bioinnovationspharmacal.com on October 17, 2019. Defendant owned and operated that domain name at least through 2022.

40.    Plaintiff owns the trademark and trade name BIO INNOVATIONS, which was distinctive by the time Defendant registered www.bioinnovationspharmacal.com.

41.    Defendant has registered and/or used the www.bioinnovationspharmacal.com domain name in interstate commerce to market, promote, and sell competing dietary supplements. This domain name is

confusingly similar to the BIO INNOVATIONS Mark, the BIO INNOVATIONS

Trade Name, and the www.bioinnovations.net domain name.

42.    Defendant had a bad faith intent to profit from the BIO

INNOVATIONS mark and trade name, including with the intent to divert

customers from Plaintiff's websites to Defendant's website. Defendant's website

harmed the goodwill of Plaintiff's mark through dilution, tarnishment, and/or

confusion as to the source, sponsorship, affiliation, or endorsement of Defendant's

website.

43.    Defendant's acts complained of herein constitute unlawful

cybersquatting in violation of the Lanham Act, 15 U.S.C. § 1125(d).

44.    On information and belief, Defendant's actions as alleged herein have

been willful, and engaged in with the intention of causing mistake, confusion or

deception; and this is an exceptional case entitling Plaintiff to recover reasonable

attorneys' fees under 15 U.S.C. § 1117.

45.    Plaintiff is entitled to damages in an amount to be proved at trial,

including enhanced damages as allowed by law, as well as recovery of all reasonable

attorneys' fees and costs allowed by law incurred in connection with this action.

Plaintiff is further entitled to recover from Defendant, and hereby seeks, the gains,

profits, and advantages that Defendant has obtained as a result of Defendant's

wrongful conduct alleged herein.

### D.    Unfair Competition – 15 U.S.C. § 1125(a) and common law

46.    Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint.

47.    Defendant has, without Plaintiff's consent or authorization, used in interstate commerce on and in connection with goods Plaintiff's BIO INNOVATIONS trade name and trademark, or a mark confusingly similar to Plaintiff's BIO INNOVATIONS trade name and trademark. Defendant did so in a manner that is likely to cause, and has caused, confusion, mistake, or deception as to Defendant's connection with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendant's products by Plaintiff.

48.    Defendant's conduct as described herein constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. 1125(a) and common law.

49.    On information and belief, Defendant's actions have been willful, with the intention of causing mistake, confusion or deception, and this is an exceptional case entitling Plaintiff to recover reasonable attorneys' fees under 15 U.S.C. § 1117.

50.    Plaintiff has no adequate remedy at law for the existing and continuing unfair competition, and if not enjoined, Defendant's continued use of Plaintiff's BIO INNOVATIONS mark and trade name in interstate commerce, including on labels of its products will cause irreparable injury for which legal damages will not fully compensate the harm to Plaintiff. Defendant allows its vendors and service providers—or instructs its vendors and subscription providers to—sell Defendants' products that bear the BIO INNOVATIONS mark and name.

Accordingly, Plaintiff is entitled to, and hereby seeks, injunctive relief to prevent and prohibit Defendant from further engaging in such unlawful conduct.

51.    Plaintiff is further entitled to damages in an amount to be proved at trial, including enhanced damages as allowed by law, as well as recovery of all reasonable attorneys' fees and costs allowed by law incurred in connection with this action. Plaintiff is further entitled to recover from Defendant, and hereby seeks, the gains, profits, and advantages that Defendant has obtained as a result of Defendant's wrongful conduct alleged herein.

### E.    Breach of Contract

52.    Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint.

53.    Defendant agreed on January 29, 2024, in the Settlement Agreement, to (1) cease using "Bio Innovations Pharmacal" within 10 days of signing the Agreement, with the exception of a six-week sell-down period; (2) destroy promotional materials prior to the end of that period; (3) never again use the terms "Bio Innovations," "BioInnovations," or "Bio-Innovations" with respect to search-engine optimization; (4) stop selling products using the mark, with the exception of the six-week sell-down period; and (5) change its name with its vendors and its service providers within 10 days of signing the Agreement.

54.    The requirement to cease using "Bio Innovations Pharmacal" is specified in Section 3.a of the Agreement.

55.    The requirement to destroy promotional materials bearing "Bio Innovations Pharmacal" is specified in Section 3.b of the Agreement.

56.    The requirement to stop selling products using the mark is specified in Section 3.c of the Agreement.

57.    The requirement to never again use the terms "Bio Innovations," "BioInnovations," or "Bio-Innovations" for a website is specified in Section 4.c.

58.    The requirement to change its name with its vendors and service providers is specified in Section 5.b.

59.    As of the filing of this Complaint, Defendant's vendors and service providers (e.g., Amazon, GoSupps, Spectrum Supplements) still advertise and offer for sale Defendant's products under the Bio Innovations Pharmacal name. Accordingly, on information and belief, Defendant did not cease using the Bio Innovations Pharmacal name, did not destroy materials bearing that name, did not stop selling products bearing that name, and did not change its name with its vendors and service providers.

60.    As of the filing of the Complaint, more than 90 weeks have passed since the end of the six-week sell-off period. The Agreement provides for $3,5000/week in "Stipulated Damages" in Section 10.

**F.    Unjust Enrichment**

61.    Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint.

62.     Defendant obtained a benefit from using Plaintiff's BIO INNOVATIONS mark and trade name, and never paid for using that mark and name.

63.     Defendant increased its sales by leveraging the goodwill that Plaintiff developed in association with the BIO INNOVATIONS mark and name. Defendant did so without a license from Plaintiff, and without any payment to Plaintiff. Instead of developing its own goodwill, Defendant leveraged Plaintiff's.

64.     Defendant confused Plaintiff's customers or potential customers into believing that Defendant's products originated from Plaintiff. Because of Defendant's lower quality of products, this harmed that goodwill that Plaintiff developed for its brand.

65.     Defendant agreed to perform actions as part of the Agreement. Relying on Defendant's statements in the Agreement, Plaintiff dismissed the Arkansas litigation instead of taking that case to its conclusion. Because Defendant did not follow through on its agreements, Plaintiff is harmed through delay and through additional attorney fees and court costs.

## V.     Prayer for Relief

Wherefore, Plaintiff requests the following relief:

A. A ruling that Defendant breached the Settlement Agreement;

B. An amount of liquidated damages of at least $297,500 for the at least 90 weeks of breach of the Settlement Agreement.

C.  A ruling that Defendant's use of "Bio Innovations Pharmacal" infringes Plaintiff's trademark and trade name "Bio Innovations";

D.  A permanent injunction enjoining Defendant BIOINNOVATIONS PHARMACAL, LLC, its officers, agents, employees, attorneys, and all those persons in active concert or participation with any of them, from:

　　a.  Using in commerce the BIO INNOVATIONS Mark, the BIO INNOVATIONS Trade Name, Plaintiff's trade dress, or any mark, name, or trade dress confusingly or substantially similar thereto, including any variation thereof, whether alone or in combination with any other word(s) or element(s), or any mark, name, or other designation that depicts, contains, or consists of any name or mark confusingly similar to BIO INNOVATIONS Mark or BIO INNOVATIONS Trade Name; and

　　b.  Advertising, displaying, selling or otherwise distributing any advertisement(s), marketing or promotional material(s), packaging, signage, banners, invoices, and the like, as well as any goods or merchandise containing any BIO INNOVATIONS Mark, BIO INNOVATIONS Trade Name, Plaintiff's trade dress, or any mark or name confusingly or substantially similar thereto, including any variation thereof, whether alone or in combination with any other word(s) or element(s), or any mark, name, or other designation that depicts, contains, or consists of

any name or mark confusingly similar to BIO INNOVATIONS

Mark or BIO INNOVATIONS Trade Name.

E.  An award to Plaintiff of damages sustained as a result of Defendant's

wrongful activities, in an amount to be proven at trial;

F.  An accounting of Defendant's revenue resulting from Defendant's

wrongful activities, and an award to Plaintiff of Defendant's profits

therefrom, increased as the Court funds to be just under the

circumstances of this case;

G. An award of treble damages in accordance with 15 USC § 1117;

H. An award to Plaintiff of punitive and exemplary damages;

I.  An award of attorneys' fees and costs allowed by law;

J.  An award of statutory damages;

K. An award of pre-judgment and post-judgment interest on all sums

awarded as allowed by law;

L.  An award of any such other and further relief in which Plaintiff is

entitled.

## VI.    **Jury Demand**

Plaintiff requests a jury trial on all issue so triable.

Dated: December 2, 2025

Respectfully submitted,

*/s/ David W. Carstens*

**David W. Carstens**
Texas Bar No. 03906900
**Theodore G. Baroody**
Texas Bar No. 01797550
**Stephanie E. Scoggin**
Texas Bar No. 24144603
**Sharon N. Hise**
Texas Bar No. 24132414
**CARSTENS, ALLEN & GOURLEY, LLP**
7500 Dallas Pkwy, Suite 300
Plano, Texas 75024
(972) 367-2001
carstens@caglaw.com
tbaroody@caglaw.com
scoggin@caglaw.com
hise@caglaw.com


**M. Conner Hutchisson (PHV to follow)**
Colorado Bar No. 59605
**CARSTENS, ALLEN & GOURLEY, LLP**
1707 Cole Blvd, Suite 210
Golden, CO 80401
(720) 798-6680
hutchisson@caglaw.com


**Counsel for Plaintiff**